UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIGUEL FIGUEROA,

                Plaintiff,

v.                                                                              9:07-CV-1223
                                                                                (TJM/GHL)
DR. LESTER WRIGHT, M.D.,
Deputy Commissioner, NYS DOCS; and
BENJAMIN DARNOBID,
Physician Assistant, Shawangunk C.F.,

                Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

MIGUEL FIGUEROA, 92-A-7522
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

HON. ANDREW M. CUOMO                          AARON M. BALDWIN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
New York, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me by the Honorable Thomas J. McAvoy, Senior United States District Judge,

for Report and Recommendation with regard to any dispositive motions filed, pursuant to 28

U.S.C. § 636(b) and Local Rule 72.3(c).  Generally, in his Complaint, Miguel Figueroa

("Plaintiff") alleges that two employees of the New York State Department of Correctional

Services ("DOCS") violated his rights under the Eighth and Fourteenth Amendments when, on

July 28, 2005, they recklessly or intentionally caused Plaintiff's confidential medical information

to be wrongfully disclosed to a fellow inmate and a certain correctional officer at Shawangunk

Correctional Facility ("Shawangunk C.F."), causing Plaintiff to suffer emotional trauma.  (*See

generally* Dkt. No. 1 [Plf.'s Compl.].)  Currently pending before the Court are Defendants' (1)

motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and (2) motion

for a protective order staying discovery in this action.  (Dkt. No. 13.)  For the reasons set forth

below, I recommend that Defendants' motion to dismiss be granted, and I deny without prejudice

their motion for a protective order as moot.

## I.    BACKGROUND

### A.    Summary of Plaintiff's Complaint

Construed with the special leniency normally afforded to the pleadings of *pro se* civil

rights litigants, Plaintiff's Complaint and the attachments thereto (which are incorporated by

reference into the Complaint) allege as follows:

1.      On July 28, 2005, Plaintiff met with Physician Assistant Benjamin Darnobid

("Defendant Dardobid") in an examination room of the medical unit at Shawangunk C.F.;[1]

2.      During the meeting, Defendant Darnobid refused to close the door to the

examination room, outside of which other inmates and correctional officers were located,

approximately 20 to 30 feet away;[2]

---

[1]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl.,
attaching Plaintiff's Grievance dated Aug. 24, 2005].)

[2]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl.,
attaching Plaintiff's Grievance dated Aug. 24, 2005]; Dkt. No. 1, at 16 [Ex. B to Plf.'s Compl.,

3.      Furthermore, Defendant Darnobid discussed the details of Plaintiff's confidential medical condition in a loud voice;[3]

4.      At some point between August 8, 2005, and August 24, 2005, when Plaintiff was relocated to B-1, he met another inmate, who informed Plaintiff that he (the other inmate) had overheard–and written down–everything that Defendant Darnobid had said about Plaintiff's confidential medical condition in the examination room in the medical unit on July 28, 2005;[4]

5.      The other inmate also informed Plaintiff that Correctional Officer Christopher Bailer ("C.O. Bailer") had overheard everything that Defendant Darnobid had said about Plaintiff's confidential medical condition that day;[5]

6.      Finally, the other inmate informed Plaintiff that Defendant Darnobid had also disclosed confidential information about him (the other inmate), causing him (the other inmate) to file, with Dr. Lester Wright, M.D. ("Defendant Wright"), a complaint against Defendant Darnobid on August 8, 2005;[6]

---

attaching Plaintiff's Grievance dated Aug. 31, 2005.)

[3]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 24, 2005]; Dkt. No. 1, at 16 [Ex. B to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 31, 2005].)

[4]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 24, 2005]; Dkt. No. 1, at 16 [Ex. B to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 31, 2005].)

[5]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 24, 2005]; Dkt. No. 1, at 16 [Ex. B to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 31, 2005].)

[6]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.]; Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 24, 2005]; Dkt. No. 1, at 16 [Ex. B to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 31, 2005].)

7.      When the other inmate told Plaintiff what he had overheard, and showed Plaintiff

what he had written down, Plaintiff felt "completely and totally traumatized" by the fact that

another inmate knew confidential information about Plaintiff's medical condition that was so

private that even Plaintiff's own family and friends did not know it.[7]

As a result of these deprivations, Plaintiff expressly requests "compensatory" and

"punitive" damages.[8]

Based on these factual allegations, I liberally construe Plaintiff's Complaint and its

attachments as asserting the following four legal claims against Defendants: (1) a substantive due

process claim against Defendant Darnobid under the Fourteenth Amendment; (2) a procedural

due process claim against Defendant Darnobid under the Fourteenth Amendment; (3) an

inadequate-prison-conditions claim against Defendant Darnobid under the Eighth Amendment;

and (4) a claim that Defendant Wright was personally involved in the aforementioned

constitutional violations through his gross negligence in managing or training his subordinate,

Defendant Darnobid, in how to protect confidential information about Plaintiff's medical

condition.[9]

---

[7]      (Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)

[8]      (Dkt. No. 1, ¶ 9 [Plf.'s Compl.].)

[9]      (Dkt. No. 1, ¶ 7 [Plf.'s Compl.].)  Due to the special solicitude normally afforded
to the pleadings of *pro se* civil rights litigants, when a district court is determining what legal
claims a *pro se* civil litigant has raised, "the court's imagination should be limited only by [the
plaintiff's] factual allegations, not by the legal claims set out in his pleadings."  *Phillips v.
Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) [citations omitted].

4

**B.**     **Summary of Grounds in Support of Defendants' Motion to Dismiss**

Generally, Defendants' motion to dismiss is premised on the following five grounds: (1) Plaintiff's Complaint fails to allege facts plausibly suggesting a violation of either the Fourteenth Amendment or Eighth Amendment; (2) Plaintiff's Complaint fails to allege facts plausibly suggesting that Defendant Wright was personally involved in any of the constitutional violations alleged; (3) Plaintiff's claim for compensatory damages is barred by 42 U.S.C. § 1997e in that he has not alleged any facts plausibly suggesting that he suffered a physical injury; (4) Plaintiff's claim for punitive damages should be dismissed because he has not alleged any facts plausibly suggesting that Defendants' actions were committed with an evil intent or a reckless indifference to the federally protected rights of Plaintiff; and (5) Plaintiff failed to exhaust his available administrative remedies before filing his Complaint.  (Dkt. No. 13, Part 2, 4-19 [Defs.' Memo. of Law].)  In addition, Defendants request a protective order staying discovery in this action.  (*Id*. at 19-20.)

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  It has long been understood that a defendant may base such a motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2);[10] or (2) a challenge to

---

[10]     *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v.

5

the legal cognizability of the claim.[11]

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."[12] The main purpose of this rule is to "facilitate a proper decision

---

*Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[11]     *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[12]     *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

on the merits."[13]  A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[14]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[15]  However, it is well established that even this liberal notice pleading standard "has its limits."[16]  As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading

---

[13]      *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[14]      *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord, Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.)  Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

[15]      *See, e.g.*, *Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

[16]      2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

standard.[17]

Most notably, in the recent decision of *Bell Atlantic Corporation v. Twombly*, the

Supreme Court, in reversing an appellate decision holding that a complaint had stated an

actionable antitrust claim under 15 U.S.C. § 1, "retire[d]" the famous statement by the Court in

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." 127 S. Ct. 1955, 1968-69 (2007).[18]

Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the Fed. R.

Civ. P. 8 "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74.

More specifically, the Court reasoned that, by requiring that a pleading "show[] that the

_____

[17]     *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1974 (2007)
(pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Dura Pharm.*, 125 S. Ct. at
1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v.
Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209
(2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule
8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See, e.g.*, *Salvador v. Adirondack Park
Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002)
(affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule
8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the
U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued
precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit
interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on
summary affirmances because "they clearly acknowledge the continued precedential effect" of
*Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the
Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[18]     The Court in *Twombly* further explained: "The phrase is best forgotten as an
incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately
stated, it may be supported by showing any set of facts consistent with the allegations in the
complaint. . . .  *Conley*, then, described the breadth of opportunity to prove what an adequate
complaint claims, not the minimum standard of adequate pleading to govern a complaint's
survival." *Twombly*, 127 S. Ct. at 1969.

pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) requires that the pleading give the defendant

"fair notice" of (1) the nature of the claim and (2) the "grounds" on which the claim rests.  *Id*. at

1965, n.3 [citation omitted].  While this does not mean that a pleading need "set out in detail the

facts upon which [the claim is based]," it does mean that the pleading must contain at least "some

factual allegation[s]."  *Id*. [citations omitted].  More specifically, the "[f]actual allegations must

be enough to raise a right to relief above the speculative level [to a plausible level]," assuming

(of course) that all the allegations in the complaint are true.  *Id*. at 1965 [citations omitted].  What

this means, on a practical level, is that there must be "plausible grounds to infer [actionable

conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will

reveal evidence of [actionable conduct]."  *Id*.

  As have other Circuits, the Second Circuit has repeatedly recognized that the clarified

plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims,

not merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Twombly*).[19]  The

Second Circuit has also recognized that this *plausibility* standard governs claims brought even by

*pro se* litigants (although the plausibility of those claims is be assessed generously, in light of the

---

   [19] *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil
rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts
to state a claim up relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki*, 07-
CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action,
stating that "*Twombly* requires . . . that the complaint's '[f]actual allegations be enough to raise a
right to relief above the speculative level . . . .'") [internal citation omitted]; *ATSI Commc'ns, Inc.
v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Twombly's
flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v.
Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe
the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility
standard,' which obliges a pleader to amplify a claim with some factual allegations in those
contexts where such amplification is needed to render the claim *plausible*.") [emphasis in
original].

special solicitude normally afforded *pro se* litigants).[20]

It should be emphasized that Fed. R. Civ. P. 8's plausibly standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which the Court stated, "Specific facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]). That statement in no way meant that all pleadings may achieve the requirement of giving a defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests without ever having to allege any facts whatsoever.[21] There must still be enough facts alleged to raise a right to relief above the

---

[20] *See, e.g.*, *Jacobs v. Mostow*, 281 F. App'x 85, 87 (2d Cir. March 27, 2008) (in pro se action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim up relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Local Rule 32.1[c][1]); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

[21] For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of approximately 18 months, the complaint (according to the district court) failed to allege facts plausibly suggesting that the termination caused the prisoner "substantial harm." 127 S. Ct. at 2199. The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8 and *Twombly*, all that is required is a "a short and plain statement of the claim" sufficient to "give the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the plaintiff had alleged that the termination of his hepatitis C medication for 18 months was "endangering [his] life" and that he was "still in need of treatment for [the] disease." *Id*. at 2200. While *Erickson* does not elaborate much further on its rationale, a careful reading of the decision (and

speculative level to a plausible level, so that the defendant may know what the claims are and the grounds on which they rest (in order to shape a defense).

Having said all of that, it should also be emphasized that, "[i]n reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[22]  "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[23]  In other words, as stated above in Part I.A. of this Report-Recommendation, while all pleadings are to be construed liberally under Fed. R. Civ. P. 8(e), *pro*

---

the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need mentioning in the short decision: a claim of deliberate indifference to a serious medical need under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental state possessed by prison officials with regard to that sufficiently serious medical need.  The *Erickson* decision had to do with only the first element, not the second element.  *Id*. at 2199-2200.  In particular, the decision was merely recognizing that an allegation by a plaintiff that, during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication.  *Id.*  This point of law is hardly a novel one.  For example, numerous decisions, from district courts within the Second Circuit alone, have found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).

[22]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[23]     *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

*se* civil rights pleadings are to be construed with an *extra* degree of liberality.[24]

For example, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.[25]  Moreover, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest."[26]  Furthermore, when addressing a *pro se* complaint, *generally* a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."[27]  Of course, an opportunity to

---

[24]      *See*, *supra*, note 1 of this Report-Recommendation.

[25]      "Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum."  *Gadson v. Goord*, 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gil v. Mooney*, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]).  Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'"  *Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], *vacated in part on other grounds*, 317 F. Supp.2d 160 (N.D.N.Y. 2004).  This authority is premised, not only on case law, but on Rule 15 of the Federal Rules of Civil Procedure, which permits a plaintiff, as a matter of right, to amend his complaint once at any time before the service of a responsive pleading–which a motion to dismiss is not.  *See Washington v. James*, 782 F.2d 1134, 1138-39 (2d Cir. 1986) (considering subsequent affidavit as amending *pro se* complaint, on motion to dismiss) [citations omitted].

[26]      *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) [internal quotation and citation omitted].

[27]      *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when

amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."[28]

However, while this special leniency may somewhat loosen the procedural rules governing the form of pleadings (as the Second Circuit very recently observed),[29] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[30]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[31]  Stated more plainly, when a plaintiff is

---

justice so requires").

[28]        *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted].

[29]        *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally] entails, at the very least, a permissive application of the rules governing the form of pleadings.") [internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . should not be impaired by harsh application of technical rules.") [citation omitted].

[30]        *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[31]        *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806,

proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."[32]

## III.   ANALYSIS

### A.   First Basis for Dismissal: Facial Merit of Defendants' Unopposed Motion

"Where a properly filed motion is unopposed and the Court determines that the moving

party has met its burden to demonstrate entitlement to the relief requested therein, the non-

moving party's failure to file or serve any papers as required by this Rule shall be deemed as

consent to the granting or denial of the motion, as the case may be, unless good cause be shown."

N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendants' motion to dismiss is properly filed, Plaintiff has failed to oppose it

(despite being warned of the possible consequences of his failure to respond, and being granted

_____

834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

[32]      *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980); *accord, Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *6, n.27 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting report-recommendation of Lowe, M.J.); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *2 (N.D.Y.Y. July 11, 2007) (McAvoy, J., adopting report-recommendation of Lowe, M.J.); *DiProjetto v. Morris Protective Serv.,* 489 F. Supp.2d 305, 307 (W.D.N.Y. 2007); *Cosby v. City of White Plains*, 04-CV-5829, 2007 WL 853203, at *3 (S.D.N.Y. Feb. 9, 2007); *Lopez v. Wright*, 05-CV-1568, 2007 WL 388919, at *3, n.11 (N.D.N.Y. Jan. 31, 2007) (Mordue, C.J., adopting report-recommendation of Lowe, M.J.); *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *5 (N.D.N.Y. Jan. 23, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.); *Ariola v. Onondaga County Sheriff's Dept.*, 04-CV-1262, 2007 WL 119453, at *2, n.13 (N.D.N.Y. Jan. 10, 2007) (Hurd, J., adopting report-recommendation of Lowe, M.J.); *Collins v. Fed. Bur. of Prisons*, 05-CV-0904, 2007 WL 37404, at *4 (N.D.N.Y. Jan. 4, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.).

an extension of time by which to do so),[33] and Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not be deemed as consent to the granting of the motion.  Therefore, I must determine whether Defendants have met their burden to "demonstrate entitlement to dismissal" under Rule 12(b)(6).[34]

An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss.  Specifically, under such an analysis, the movant's burden has appropriately been characterized as "modest."[35]  This is because, as a practical matter, the burden requires only

---

[33]      (Dkt. No. 13, Part 1 [Defs.' Notice of Motion]; Dkt. No. 14 [Order filed March 12, 2008, granting Plaintiff's request for a 90-day extension of his response deadline, to June 30, 2008].)

[34]      See also Fed. R. Civ. P. 7(b)(1) (requiring motions to, inter alia, "state with particularity the grounds therefor").

[35]      See, e.g., Ciaprazi v. Goord, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986)]; accord, Saunders v. Ricks, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), Smith v. Woods, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); see also Race Safe Sys. v. Indy Racing League, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing merely whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); Wilmer v. Torian, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss and the reasons set forth in defendants' motion papers), adopted by 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); accord, Carter v. Superintendent Montello, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), adopted by 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

15

that the movant present an argument that is "facially meritorious."[36]

Here, I find that Defendants have met their lightened burden on their unopposed motion given Defendants' cogent, and legally supported, legal arguments set forth in their memoranda of law.  (Dkt. No. 13, Part 2, at 4-15 [Defs.' Memo. of Law].)  I note that this Court has, on numerous occasions, granted motions to dismiss based on a similar facial analysis of a defendant's legal arguments (and a plaintiff's claims).[37]

Furthermore, I note that while the defects in Plaintiff's Eighth and Fourteenth Amendment claims appear to be *formal* in that better pleading might cure them, the defect in his claims for compensatory damages are *substantive* in that better pleading will not cure them.  *See*, *supra*,

---

[36]    *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *accord, Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[37]    *See, e.g., Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Local Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers*), adopted by* 96-CV-1269, 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*, 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.); *Munoz v. Coombe*, 95-CV-1191, 1996 U.S. Dist. LEXIS 15107, at *3 (N.D.N.Y. Aug. 21, 1996) (Hurd, M.J.), *adopted by* 95-CV-1191, 1996 U.S. Dist. LEXIS 15108, at *2 (N.D.N.Y. Oct. 11, 1996) (Pooler, J.) (rejecting plaintiff's objections, explaining that "Local Rule 7.1(b) permits the court to grant an unopposed motion"); *Owens v. Long*, 95-CV-0604, 1996 U.S. Dist. LEXIS 6520, at *2 (N.D.N.Y. March 11, 1996) (Hurd, M.J.), *adopted by* 95-CV-0604, 1996 U.S. Dist. LEXIS 4807 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.).

notes 27 and 28 of this Report-Recommendation.

For these reasons, I recommend that the Court dismiss Plaintiff's Complaint without first affording him thirty (30) days to replead.

**B.    Alternative Basis for Dismissal: Substantive Merit of Defendants' Motion**

Even if I were to subject Defendants' legal arguments to the detailed scrutiny that would be appropriate on a *conteste*d motion to dismiss, I would be persuaded by the first, second, third and fourth of those legal arguments (described above in Part I.B. of this Report-Recommendation).

**1.    Absence of Elements of Either Eighth or Fourteenth Amendment Claims**

With regard to Defendants' first argument, I find that they are correct that Plaintiff's Complaint fails to allege facts plausibly suggesting a violation of either the Eighth or Fourteenth Amendments.

As an initial matter, Defendants are correct that Plaintiff's Complaint has not alleged facts plausibly suggesting that Defendant Darnobid possessed a sufficiently culpable mental state when he talked to Plaintiff about his medical condition on July 28, 2005, in an examination room of the medical unit at Shawangunk C.F.  I make this finding because Plaintiff has alleged neither (1) that he asked Defendant Darnobid to close the door to the examination room nor (2) that he asked Defendant Darnobid to lower his voice when talking.  *See*, *supra*, Part I.A. of this Report-Recommendation.  Nor has Plaintiff alleged that Defendant Darnobid could close the door without putting his own safety at risk (i.e., by being alone in the presence of Plaintiff, who was at

the time being subjected to keeplock confinement).[38]  Without knowledge on Defendant

Darnobid's part that he was, in fact, unnecessarily being overheard by C.O. Bailer and the

(unidentified) inmate to which Plaintiff refers in his Complaint (who were located 20 to 30 feet

away from Defendant Darnobid), Defendant Darnobid's mental state would be one of mere

negligence, which is not sufficient to confer liability upon him under 42 U.S.C. § 1983 and the

Constitution.[39]

---

[38]     (Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl., attaching Plaintiff's Grievance dated
Aug. 24, 2005]; Dkt. No. 1, at 16 [Ex. B to Plf.'s Compl., attaching Plaintiff's Grievance dated
Aug. 31, 2005]; Dkt. No. 1, at 18 [Ex. B to Plf.'s Compl., attaching written decision of CORC,
dated Oct. 19, 2005].)  *See Vergara v. Vogliano*, 95-CV-4513, 1997 WL 86388, at *3 (S.D.N.Y.
Feb. 28, 2007) ("In this case, the Court defers to the judgment of the prison administrators for
determining whether the presence of guards during a medical examination is a necessary security
measure.") [citation omitted].

[39]     *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 835 (1994) ("[D]eliberate
indifference [for purposes of an Eighth Amendment claim] describes a state of mind more
blameworthy than negligence."); *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that
"injuries inflicted by governmental negligence are not addressed by the United States
Constitution" and rejecting § 1983 claim based on alleged due process violation under Fourteenth
Amendment); *Hudson v. Palmer*, 486 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the
Fourteenth Amendment is not violated when a state employee negligently deprives an individual
of property . . . ."); *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("Allegations of negligence or
innocent mistake are insufficient [to state a claim under the Fourth Amendment]."); *Pena v.
Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to
substantive due process, a plaintiff must demonstrate not only government action but also that
the government action was 'so egregious, so outrageous, that it may fairly be said to shock the
contemporary conscience.' . . . [T]he Fourteenth Amendment is not a 'font of tort law.' . . .   It
does not provide a comprehensive scheme for determining the propriety of official conduct or
render all official misconduct actionable. . . .  '[N]egligently inflicted harm is categorically
beneath the threshold of constitutional due process.'") [citations omitted]; *Riddick v. Modeny*,
No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded
prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere
negligence of prison officials."); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); ("The
Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care'
under tort law, and negligent acts do not incur constitutional liability."); *Myers v. Okla. County
Bd. of County Com'rs*, 151 F.3d 1313, 1320 (6th Cir. 1998) ("[A]ctions leading to a confrontation,
such as the decision to enter the apartment, must be more than merely negligent to be

In any event, Defendants are also correct that Plaintiff's Complaint does not allege facts plausibly suggesting a violation of the Fourteenth Amendment because he does not allege what medical condition Defendant Darnobid disclosed on July 28, 2005, in the examination room. The "narrow parameters" that confine the constitutional right against the unauthorized disclosure of information concerning a prisoner's confidential medical condition attaches only in the case of an unusual medical condition whose disclosure would (1) likely expose the inmate to discrimination, intolerance, violence or hostility (e.g., being afflicted with the HIV virus, or the gender-identity disorder of transexualism), and (2) not be reasonably related to legitimate penological interests. *Powell v. Schriver*, 175 F.3d 107, 110-13 (2d Cir. 1999) [citations omitted].[40]  The types of medical conditions that trigger this narrow right are limited, and district courts in this Circuit have found that those conditions do *not* include (1) the mere fact that an inmate was tested for HIV, (2) the inmate's mental health history, (3) his genital conditions, or (4) his need for an anal exam in order to treat his bowel problems.[41]  By not alleging the nature of

---

"unreasonable" for purposes of the Fourth Amendment inquiry."); *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997) ("Negligent or innocent mistakes do not violate the Fourth Amendment."); *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699, n.7 (10th Cir. 1995) ("Mere negligent actions precipitating a confrontation [that was the subject of plaintiff's Fourth Amendment claim] would not, of course, be actionable under § 1983.").

[40]      For the sake of argument, I will assume that Plaintiff has pled facts plausibly suggesting that he did *not* waive this right by knowing (at the time of the disclosure) that Defendant Darnobid was being overheard by others, but not either (1) asking Defendant Darnobid to close the door to the examination room or (2) asking Defendant Darnobid to lower his voice when talking.  *See Powell*, 175 F.3d at 111, n.1 (prisoner's right against unauthorized disclosure of confidential medical information is subject to waiver) [citation omitted].

[41]      *See Webb v. Goldstein*, 117 F. Supp.2d 289, 298 (E.D.N.Y. 2000) (medical information not protected included prisoner's "mental health information[,] . . . the fact that he was tested for HIV . . . [and his affliction with] various genital conditions for which he has been treated over the years"); *Pena v. Travis*, 01-CV-8534, 2002 WL 31886175, at *4, 14 (S.D.N.Y.

his medical condition, he has failed to give Defendant *fair notice* of his claim and the grounds upon which it rests (presenting far too heavy a burden on Defendants to shape a comprehensive defense). *See*, *supra*, Part II of this Report-Recommendation. *See also Lee v. DelFavero*, 04-CV-0382, 2005 WL 2387820, at *4 (N.D.N.Y. Sept. 28, 2005) (McAvoy, J., adopting Report-Recommendation of Peebles, M.J.).[42]

Moreover, Defendants are correct that Plaintiff's Complaint does not allege facts plausibly suggesting a violation of the Eighth Amendment because he has not alleged that the disclosure of the information was serious enough to deprive him of "the minimal civilized measure of life's necessities." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001) [citations omitted]. Plaintiff does not allege facts plausibly suggesting that "he actually faced a serious threat [of harm]" from other inmates or correctional staff, as a result of the disclosure. *Dawes*, 239 F.3d at 494. *See*, *supra*, Part I.A. of this Report-Recommendation.

## 2. Lack of Personal Involvement of Defendant Wright

With regard to Defendants' second argument, I find that they are correct that Plaintiff's Complaint fails to allege facts plausibly suggesting that Defendant Wright was personally

---

2002) (medical information not protected included prisoner's "psychiatric records" and the results of prisoner's "mental evaluation"); *Rodriguez v. Ames*, 287 F. Supp.2d 213, 215-21 (W.D.N.Y. 2003) (medical information not protected included prisoner's need for visual examination of his anal area as well as subsequent colonoscopy in order to diagnose and treat his "proctitis" and "internal hemorrhoids").

[42]    It should be noted that the attachments to Plaintiff's Complaint plausibly suggest that the medical information in question has something to do with a knee surgery that Plaintiff underwent during the days following the disclosure. (Dkt. No. 1, at 10 [Ex. A to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 24, 2005]; Dkt. No. 1, at 14 [Ex. B to Plf.'s Compl., attaching Plaintiff's Grievance dated Aug. 31, 2005]; Dkt. No. 1, at 18 [Ex. B to Plf.'s Compl., attaching written decision of CORC, dated Oct. 19, 2005].)

involved in any of the constitutional violations alleged.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 [2d Cir. 1991]).[43]  In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the alleged unlawful conduct and the defendant.[44]  If the defendant is a supervisory official, such as a DOCS Commissioner or Deputy Commissioner, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.[45]  In other words, supervisory officials may not be held liable merely because they held a position of authority.[46]  Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of

---

[43]     *Accord*, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

[44]     *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

[45]     *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

[46]     *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

inmates by failing to act on information indicating that the violation was occurring.[47]

Here, as an initial matter, because I find that Plaintiff has failed to allege facts plausibly suggesting that either an Eighth or Fourteenth Amendment violation occurred, I find that Plaintiff has also failed to allege facts plausibly suggesting that there was any constitutional violation in which Defendant Wright could have participated.

In any event, even assuming there was such a violation, Plaintiff's Complaint alleges facts plausibly suggesting that the sole notice that Defendant Wright received of the type of events giving rise to this action occurred when, on August 8, 2005, another inmate (unidentified by Plaintiff) filed with Defendant Wright a letter of complaint against Defendant Darnobid, regarding a similar incident regarding that other inmate. *See*, *supra*, Part I.A. of this Report-Recommendation. By Plaintiff's own admission, that notice did not come until eleven (11) days *after* Defendant Darnobid's alleged wrongful disclosure of Plaintiff's confidential information on July 28, 2008. *Id*. As a result, the letter of complaint (filed on August 8, 2005) did not confer on Defendant Wright a duty, before July 28, 2005, to rectify Defendant Darnobid's allegedly inadequate training in how to protect confidential information about an inmate's medical condition. It should be emphasized that what is necessary for Defendant Wright to incur liability as a supervisor, under the circumstances, is *gross* negligence, not simple or ordinary negligence.

### 3.    Lack of Physical Injury

With regard to Defendants' third argument, I find that they are correct that Plaintiff's Complaint fails to allege facts plausibly suggesting that he suffered any physical injury as a result

---

[47]    *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (adding fifth prong); *Wright*, 21 F.3d at 501 (adding fifth prong); *Williams v. Smith*, 781 F.2d 319, 323-324 (2d Cir. 1986) (setting forth four prongs).

of the disclosure, thus barring him from recovering any compensatory damages, pursuant to 42

U.S.C. § 1997e.  As stated above, Plaintiff alleges that, when the other inmate informed Plaintiff

of the disclosure, Plaintiff felt "completely and totally traumatized."  *See*, *supra*, Part I.A. of this

Report-Recommendation.  In addition, as a result of these deprivations, Plaintiff expressly

requests "compensatory" and "punitive" damages.  *Id*.

The Prison Litigation Reform Act of 1995 ("PLRA") provides, in pertinent part, as

follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other

correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury."  42 U.S.C. 1997e(e).  Defendants accurately cite cases dismissing

claims for compensatory damages arising from circumstances similar to the circumstances giving

rise to the current action.  (*See* Dkt. No. 13, Part 2, at 15 [Defs.' Memo. of Law].)  In addition, I

note that numerous courts have held–correctly, I believe–that even physical manifestations of

emotional injuries (e.g., anxiety, depression, stress, nausea, hyperventilation, headaches,

insomnia, dizziness, appetite loss, weight loss, etc.) are not "physical injuries" for purposes of the

PLRA.[48]

---

[48]       *See*, *e.g.*, *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998)
(weight loss, appetite loss, and insomnia caused by emotional distress not "physical injury" for
purposes of PLRA); *Cooksey v. Hennessey*, 07-CV-3829, 2007 WL 2790365, at *1 (N.D. Cal.
Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations
of emotional distress do not qualify as a prior showing of physical injury [for purposes of the
PLRA].") [internal quotation marks]; *Johnson v. Georgia*, 06-CV-0049, 2007 WL 2684985, at *3
(M.D. Ga. Sept. 7, 2007) (stress and "a mental disorder" not "physical injury" for purposes of
PLRA); *Brown v. Porter*, 01-CV-20957, 2006 WL 2092032, at *2 (N.D. Cal. July 26, 2006)
(migraines, dry mouth, and loss of appetite caused by mental health problems not "physical
injury" for purposes of PLRA); *Watkins v. Trinity Serv. Group, Inc.*, 05-CV-1142, 2006 WL
3408176, at *4 (M.D. Fla. Nov. 27, 2007) (diarrhea, vomiting, cramps, nausea, and headaches
from eating spoiled food on one day not "physical injury" for purposes of PLRA); *Hill v.
Williams*, 03-CV-0192, 2005 WL 5993338, at *4 (N.D. Fla. Oct. 14, 2005) (thirty-minute

### 4.     Absence of Grounds for Punitive Damages

With regard to Defendants' fourth argument, I find that they are correct that Plaintiff's Complaint has alleged no facts plausibly suggesting that Defendants' actions were committed with an evil intent or a reckless indifference to the federally protected rights of Plaintiff.

In *Smith v. Wade*, the United States Supreme Court held that "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or whether it involves reckless or callous indifference to the federally protected rights of others." 461 U.S. 30, 56 (1983).

Here, I find that, even when construed with the utmost of special leniency, Plaintiff's Complaint fails to allege facts plausibly suggesting that Defendants acted with either (a) the intent to deny federally protected rights of Plaintiff or (b) reckless indifference to the federally protected rights of Plaintiff. I make this finding based on the fact that Plaintiff has alleged neither (1) that he asked Defendant Darnobid to close the door to the examination room nor (2) that he asked Defendant Darnobid to lower his voice when talking. *See*, *supra*, Part I.A. of this Report-Recommendation. Nor has Plaintiff alleged that Defendant Darnobid could close the

---

episode of hyperventilation, accompanied by shortness of breath, swollen tongue, pounding heart, and headache, not "physical injury" for purposes of PLRA); *Mitchell v. Newryder*, 245 F. Supp.2d 200, 203, 205 (D. Me. 2003) ("permanent traumatization" not "physical injury" for purposes of PLRA); *Todd v. Graves*, 217 F. Supp.2d 958, 960 (S.D. Iowa 2002) (stress, hypertension, insomnia, dizziness, and loss of appetite not "physical injury" for purposes of PLRA); *Ashann-Ra v. Virginia*, 112 F. Supp.2d 559, 566 (W.D. Va. 2000) (psychosomatic conditions, including sexual dysfunction, caused by emotional distress not "physical injury" for purposes of PLRA); *McGrath v. Johnson*, 67 F. Supp.2d 499, 508 (E.D. Pa. 1999) (inflamation of pre-existing skin condition caused by emotional trauma not "physical injury" for purposes of PLRA); *Cain v. Virgina*, 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and painful headaches caused by emotional distress not "physical injury" for purposes of PLRA); *Pinkston-Bey v. DeTella*, 96-CV-4823, 1997 WL 158343, at *3 (N.D. Ill. March 31, 1997) (severe headaches caused by emotional distress  not "physical injury" for purposes of PLRA).

door without putting his own safety at risk (i.e., by being alone in the presence of Plaintiff, who

was at the time being subjected to keeplock confinement).[49]  Without knowledge on Defendant

Darnobid's part that he was, in fact, unnecessarily being overheard by C.O. Bailer and the

(unidentified) inmate to which Plaintiff refers in his Complaint (who were located 20 to 30 feet

away from Defendant Darnobid), Defendant Darnobid could not be found (by a rational

factfinder) to have acted intentionally or recklessly.  Nor could Defendant Wright, who is not

even alleged to have known (before the disclosure in question) that Defendant Darnobid was

inadequately trained in how to protect confidential information about an inmate's medical

condition.  *See*, *supra*, Part I.A. of this Report-Recommendation.  Finally, as described above,

there are no factual allegations plausibly suggesting that the disclosure even violated the federally

protected rights of Plaintiff (by exposing him to discrimination, intolerance, violence or

hostility).  *Id*.

### 5.    Failure to Exhaust Administrative Remedies

With regard to Defendants' fifth argument (i.e., that Plaintiff failed to exhaust his

available administrative remedies before filing his Complaint), because I have already found that

grounds exists upon which to recommend the dismissal of Plaintiff's Complaint, I need not, and

do not, reach the merits of this argument other than to make the following two observations.

First, for some years now, it has been the majority rule (followed by the Second Circuit)

that a prisoner's fulfillment of his duty to exhaust his available administrative remedies under the

PLRA is not a fact that the prisoner had to plead in order to state a claim under 42 U.S.C. § 1983

but a fact that may be challenged by a defendant through an affirmative defense (such as on a

---

[49]        *See*, *supra*, note 38 of this Report-Recommendation.

motion for summary judgment pursuant to Fed. R. Civ. P. 56, or a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12[b][1]) established by the PLRA.[50]  Last year, the Supreme Court upheld this interpretation of the exhaustion requirement, prohibiting circuits (such as the Sixth, Tenth and Eleventh Circuits) from using exhaustion as a heightened pleading requirement in prisoner civil rights case.  *See Jones v. Block*, 127 S. Ct. 910, 914-915, 918-923 (2007).  A prisoner has no independent *duty* to plead facts plausibly suggesting that he exhausted his available administrative remedies, in order to state an actionable claim under 42 U.S.C. § 1983.  *Block*, 127 S. Ct. at 919-21.  "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."  *Id*. at 921.  If a prisoner *chooses* to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his Complaint may be dismissed for failure to state a claim.  *Id*. at 920-21.  Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed. R. Civ. P. 12(b)(6) motion to dismiss premised on failure to exhaust.  However, if he says too much about exhaustion in that complaint so that his non-exhaustion is readily apparent, he may "plead himself out of court," as the saying goes.

Second, it appears to be a close question whether Plaintiff has so plead himself out of court under the circumstances.  For example, he alleges facts plausibly suggesting as follows: (1)

---

[50]    *See, e.g., Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999) ("Because, under the PLRA, a prisoner must exhaust administrative remedies before filing a §1983 suit . . ., a defendant in a prisoner § 1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements."); *Snider v. Melindez*, 199 F.3d 108, 114 (2d Cir. 1999) ("A court may not dismiss for failure to exhaust administrative remedies unless the court determines that such remedies are available.  Snider's answers [on a form complaint] cannot establish that.").

because he was subjected to keeplock confinement during the days following the meeting with

Defendant Darnobid on July 28, 2005, he had no opportunity to discover if Defendant Darnobid's

"loud voice" had been overheard by any of the inmates outside the door to the examination room;

(2) when he was released from keeplock confinement, he learned from another inmate that

Defendant Darnobid's loud voice had in fact been overheard; (3) as soon as possible after he

learned this fact (given that he was recovering from knee surgery), he filed a grievance (i.e., on

August 24, 2005); and (4) when that grievance was rejected for filing on the ground that it was

thirteen (13) days late, Plaintiff filed a second grievance (i.e., regarding that rejection), and

appealed the denial of that second grievance to the Shawangunk C.F. Superintendent and then to

CORC.  (*See* Dkt. No. 1, at 8-18 [Exs. A and B to Plf.'s Compl.].)  Missing from Plaintiff's

Complaint are facts such as (1) when he learned that the other inmate had overheard Defendant

Darnobid's "loud voice," and (2) how his recovery from knee surgery impeded his preparation of

his grievance of August 24, 2005.  (*Id*.)  Under the circumstances, it would be difficult for me to

conclude that Plaintiff's factual allegations preclude a finding that special circumstances exist

justifying his failure to comply with the administrative procedural requirements (i.e., the third

inquiry of the Second Circuit's three-part inquiry appropriate where a defendant contends that a

prisoner has failed to exhaust his available administrative remedies).

 Having said all of that, I repeat that I have already found that grounds do exist upon

which to recommend the dismissal of Plaintiff's Complaint.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt.

No. 13) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED** in its entirety; and it is

further

**ORDERED** that Defendants' motion for a protective order be **<u>DENIED</u>** without

prejudice as moot.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk**

**of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS**

**from the date of this Report-Recommendation (unless the third calendar day is a legal**

**holiday, in which case add a fourth calendar day)**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to**

**consider arguments, case law and/or evidentiary material that could have been, but were**

**not, presented to the Magistrate Judge in the first instance.**[51]

---

[51]        *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994)
("In objecting to a magistrate's report before the district court, a party has no right to present
further testimony when it offers no justification for not offering the testimony at the hearing
before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World
Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not
abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff
"offered no justification for not offering the testimony at the hearing before the magistrate");
*Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993)
(declining to consider affidavit of expert witness that was not before magistrate) [citation
omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to
raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421,
1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's
recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535
(5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and
recommendations [to raise its procedural default argument] . . . Respondent has waived
procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human
Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before
the magistrate and, if unsuccessful, to change their strategy and present a different theory to the
district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds
by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun.
Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: September 16, 2008
    Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].